67h 435
38 Mis 493

GUY HAAS, PLAINTIFF, *v.* BARBARA KUHN, INDIVIDUALLY AND AS EXECUTRIX, ETC., DEFENDANT.

*Incumbrance imposed by a life tenant on land held by her subject to a testamentary power of sale given to her as executrix — removed by a sale under the power.*

The sale by an executrix, under a testamentary power of sale, of land held by her as a life tenant subject to the execution of such power, removes, and frees the title from, an incumbrance imposed by the life tenant, as, *e. g.*, an agreement entered into by the life tenant with a third party not to erect a wall upon a certain portion of the land; and this is so, although the executrix and the life tenant are the same person, where the sale is made in the capacity of executrix and the incumbrance is created by her in her individual capacity.

SUBMISSION of a controversy upon an agreed statement of facts, without action, under section 1279, etc., of the Code of Civil Procedure. The contract or agreement made by the defendant, referred to in the opinion, is as follows:

"AGREEMENT made and entered into this 21st day of February, 1878, between J. Brewi & Co., of the city of New York, parties of the first part, and Barbara Kuhn, of the same place, party of the second part, witnesseth:

"*Whereas*, Said parties of the first part are the owners of premises known as No. 134 Essex street, in said city, and said party of the second part owns the premises adjoining known as 136 Essex street; now, the parties hereto have mutually agreed that the parties of the first part shall, at their own cost and expense, erect a party-wall between the rear buildings on said two premises, commencing fifty feet from the front wall of the front buildings on said premises and ending at the rear line of said lots, said wall to be six inches on the ground of the party of the second part from the rear of said front

building extending to the rear end of said lots, being a distance of fifty feet; and said parties of the first part further agree to put one flue in said partition wall for the use of the rear building of the party of the second part, at their own cost and expense; said wall to be used in common by the parties hereto.

"Said party of the second part agrees to erect no wall along that portion of said party-wall commencing on the front of the rear building on her premises and extending to the rear wall of the front building on her premises; and further agrees not to interfere with the windows or proper light of said party-wall between front and rear buildings as long as said rear building shall stand on the lot known now as No. 134 Essex street.

"And it is further agreed that said party-wall to be built as heretofore stated shall be used and owned in common by the parties hereto as long as the same shall stand, and in case of fire, accident or any unforeseen cause which will damage, injure and destroy said party-wall, the same to be repaired or rebuilt at the joint expense of both parties hereto as named above."

*F. A. Winslow,* for the plaintiff.

*Loren Zeller,* for the defendant.

VAN BRUNT, P. J.:

Upon one important branch of this controversy the submission is somewhat uncertain as to the fact admitted, and that is as to the means by which the defendant acquired her life estate in the premises in question. We presume, however, that it was intended to be admitted that she acquired this life estate by the will of her husband, in pursuance of the power of sale contained in which she made the contract with the defendant therein mentioned, and we will dispose of the case, assuming this to have been the purport of the admission.

The plaintiff seeks to recover $1,000 and interest, and charges for the examination of title herein, because it is claimed that the defendant is unable to give a clear title to certain premises on Essex street which she entered into a contract with the plaintiff to convey. It would appear that, by the will of the defendant's husband, who

died in 1877, she was devised this real estate for life; of which will the defendant was executrix, and by which will a discretionary power of sale of all real estate was given to such executrix. In February, 1878, the defendant individually executed an agreement not to erect a wall over or upon certain parts of the premises in question. In October, 1892, the defendant, as executrix, under the power of sale contained in the will, entered into a contract to sell the premises in question, free from all incumbrances, to the plaintiff. The plaintiff, upon examination of the title, discovered this agreement in regard to building upon the lot in question, and refused to take title and brought this submission, which was presented to recover the amount paid on account, and the disbursements and charges upon the examination of the title. And the question submitted is, whether the premises are incumbered by reason of the party-wall agreement and the covenants therein, either during the life of the defendant or for a longer time.

This question seems to be resolved when we consider the nature of the life tenancy of the defendant. The sole title she took under the will was subject to the power of sale therein contained. She, undoubtedly, could make a contract with reference to building upon this lot during her life, which would be binding upon her so long as the power of sale contained in the will was not executed. But, as her title during life was subject to the execution of this power of sale, when this power of sale was executed because of the supposed advantage to the estate, such execution related back to the time when the wall became operative, and cut off any incumbrances which might be put upon the property by those persons holding the title subject to the exercise of such power of sale. It would, therefore, seem to be apparent that, by the exercise of the power of sale as executrix of the will of her husband, the defendant could give a title, free and clear from this individual agreement which she made, which was only binding upon her during her life in case the power of sale was not exercised. It is apparent that this must necessarily have been the result had the life tenant and the executor or executrix of the will been different persons. And the mere fact that the life tenant and the executrix are the same person does not seem to us, in any way, to restrict powers which might be exercised under the power of sale.

We think, therefore, that the deed of the executrix was superior to the agreement of the individual life tenant, and that the plaintiff should be decreed to perform the contract and pay the costs of this action.

Judgment accordingly.

O'BRIEN and FOLLETT, JJ., concurred.

The plaintiff should be decreed to perform the contract and pay the costs of this action. Judgment accordingly.